UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60021-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BENJAMIN F. STEPHENSON,

    Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment [DE 7] ("Motion"). The Court has carefully reviewed the Motion and the record in this case and is otherwise fully advised in the premises.

On March 27, 2013, Plaintiff United States of America filed its Motion seeking summary judgment against Defendant Benjamin F. Stephenson in this action to recover on a defaulted student loan. See DE 7. Defendant did not respond to Plaintiff's Motion by the deadline of April 15, 2013. See S.D. Fla. L.R. 7.1(c). On April 17, 2013, the Court issued an Order requiring Defendant, by April 26, 2013, to "show cause why the Court should not grant Plaintiff's Motion for Summary Judgment by default." DE 8 at 1. Alternatively, the Court allowed Defendant to respond to the Motion by April 26, 2013. See id. The Court cautioned that "[i]f Defendant does not timely respond to this Order or Plaintiff's Motion, the Court may enter summary judgment against Defendant and grant the relief sought in the Motion." Id. Although the April 26, 2013, deadline has now passed, Defendant has not responded to the Order or the Motion in any way.

Having considered the Motion and the entire file of this case, the Court finds that Plaintiff has met its burden of showing that it is entitled to summary judgment. See Fed. R. Civ. P. 56(a).  Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 7] is **GRANTED**.  In a separately entered Final Judgment, the Court will award Plaintiff $44,444.55, consisting of $15,355.72 in unpaid principal and $29,088.83 in interest accrued through March 27, 2013, plus interest on the unpaid principal at the rate of 9% per annum from March 27, 2013, to the date of judgment.  The Court notes that Plaintiff also seeks to recover a 10% debt-collection surcharge pursuant to 28 U.S.C. § 3011(a).  That provision, however, applies only to pre- and post-judgment collection proceedings, not an action like this one to obtain a judgment on a debt.  See United States v. Sackett, 114 F.3d 1050, 1053 (10th Cir. 1997) (per curiam); United States v. Mauldin, 805 F. Supp. 35, 36 (N.D. Ala. 1992). Further, while Plaintiff requests taxable costs of $25.00, Plaintiff does not specify the nature of those costs or the basis for their recovery.  To the extent that Plaintiff seeks attorney's fees or costs in this case, Plaintiff shall follow the procedures set forth in Local Rule 7.3.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of April, 2013.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record (via CM/ECF)

Benjamin F. Stephenson, *pro se* (via CM/ECF mail)
4301 Riverside Drive
Apt. 5
Coral Springs, FL  33065